STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

(FILED – DECEMBER 10, 2007)

FRED ERDMAN :
:
VS. : NO. PM/07-2343
:
DONALD CARCIERI, GOVENOR, :
R.I. DEPT. OF CORRECTIONS, :
A.T. WALL, DIRECTOR, R.I. DEPT. OF CORR. :
R.I. PAROLE BOARD MEMBERS :

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2007 DEC 10 A 11:00

## DECISION

**LANPHEAR, J.** This matter came on for trial and final hearing on Fred Erdman's Petition for Post Conviction Relief on November 30, 2007.

Mr. Erdman was convicted of nine separate counts of Sexual Assault in the First Degree. He was sentenced to serve 25 years at the Adult Correctional Institution, with each count running concurrently.

Mr. Erdman's claim is based solely on the issue of his parole eligibility. He claims that a provision of law mandates that he be paroled. The Court questions, without deciding, whether this is a proper issue for a claim under the post conviction relief statutes. Rather than discussing that issue, the Court will address the merits of Mr. Erdman's claim.

Mr. Erdman relies on one statute to establish his parole eligibility:

> G.L. 1956 § 13-8-10. Prisoners subject to more than one sentence.-- (a) If a prisoner is confined upon more than one sentence, a parole permit may be issued whenever he or she has served a term equal to one-third ( 1/3) of the aggregate time which he or she shall be liable to serve under his or

> her several sentences, unless he or she has been sentenced to serve two (2) or more terms concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third ( 1/3) of the maximum term he or she is required to serve.

The next subsection of the statute discusses the parole eligibility for parole for offenders committing crimes while serving a sentence for a previous crime. The statute states that a parole "permit may not be issued until" certain commitment time has been served. The parole statutes use the words "shall" and "may." Without a doubt, the use of the word "shall" mandates compliance, removing discretion. Mr. Erdman's contention is that the latter part of §13-8-10(a) uses the word "shall" so he must be afforded parole.

The Rhode Island Supreme Court has already addressed this identical issue:

> The applicant asserted that the second clause of this section creates a separate, nondiscretionary parole procedure for prisoners serving concurrent sentences that entitles him to parole on his concurrent life sentences. The applicant's reading of § 13-8-10(a) misconstrues the clear intent of the General Assembly that created different procedures for prisoners serving only concurrent and only consecutive sentences. The applicant would have this Court read the clause relating to concurrent sentences in isolation from the preceding clause. The consequence of accepting the applicant's argument would be to require the Board to follow a procedure intended to apply to prisoners serving only concurrent sentences whenever the Board assesses the parole status of prisoners who are serving concurrent sentences in addition to one or more consecutive sentences. In our opinion, such a reading would be contrary to public policy and in contravention of the clear intent of the Legislature. DeCiantis v. State, 666 A.2d 410, 413. (R.I. 1995)

Obviously, the Court focuses on the entirety of the statutory scheme empowering the parole board to grant parole. It is § 13-8-9 which controls the parole board's discretionary power to grant parole. The General Assembly did not intend to mitigate

that discretion by its enactment of § 13-8-10, it merely attempted to clarify the entitlement to the board's discretion in the situation of concurrent terms. The statutory scheme must be read in pari materia, and therefore, the courts "will construe them in a manner that attempts to harmonize them and that is consistent with their general objective scope." Town of Johnston v. Santilli, 892 A.2d 123, 137 (R.I. 2006) (quoting State v. Dearmas, 841 A.2d 659, 666 (R.I.2004)).

Again, the reasoning of the high court was quite clear in DiCiantis:

> He has asked this court to mandate his parole on the two concurrent life sentences after only ten years, even though a prisoner who is serving only one life sentence consecutively to another life sentence must serve twenty years before even seeking parole. To make such a calculation would, in effect, reward applicant for committing an additional [crime]. We would not impute such an unreasonable meaning to a statute, even if a literal reading of the statute lent itself to such an interpretation. Matter of Falstaff Brewing Corp. re: Narragansett Brewery Fire, 637 A.2d 1047, 1050 (R.I.1994). In the instant case, no reading, no matter how literal, of § 13-8-13(b) would support applicant's contention. DeCiantis, 666 A.2d at 413.

Clearly, the General Assembly did not intend to reward Mr. Erdman with earlier parole for having committed nine separate sexual assaults. Accordingly, Mr. Erdman's application for post-conviction relief is denied and dismissed.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# NOTICE OF APPEAL

[X] SUPERIOR COURT [ ] FAMILY COURT [ ] DISTRICT COURT

KENT COUNTY/DIVISION

1. FRED ERDMAN

DONALD CARCIERI vs. R.I. DEPT. OF CORRECTIONS
A.T. WALL AND THE R.I. PAROLE BOARD

2. CASE NO. PM 2007-2343

3. Name of Each Plaintiff and Attorney: FRED ERDMAN

Name of Each Defendant and Attorney: DONALD CARCIERI; R.I. DEPT. OF CORRECTIONS; A.T. WALL & R.I. PAROLE BOARD

5/20/07 — Date Case First Filed in Lower Court/Agency
12/10/07 — Date of Judgment/Order Appealed From
12/18/07 — Date Appeal Filed

PARTIES FILING APPEAL:
[ ] Plaintiff(s) [X] Petitioner(s)
[ ] Defendant(s) [ ] Respondent(s)

Trial Court Judge: LANPHERE

Name of Each Party and Attorney Filing Appeal: FRED ERDMAN

SUPERIOR COURT FILED CLERK'S [illegible] DATE 07 DEC 21 PM 2:33

FILE WORK VOID SUPERIOR COURT

4. TRIAL COURT ACTION APPEALED

| | | |
|---|---|---|
| [ ] IPR Preliminary Injunction | [ ] CJJ Judgment/Judge | [X] DPC Denial Post Conviction |
| [ ] CON Conviction | [ ] CDV Directed Verdict | [ ] MTR Denial Sentence Reduction |
| [ ] IPT Permanent Injunction | [ ] CJU Judgment/Jury | [ ] DCF Dependency/Termination |
| [ ] CJD Default Judgment | [ ] DAL Alimony | [ ] DSJ Summary Judgment |
| [ ] CDS Dismissal/Jurisdiction | [ ] PRO Probation Violation | [ ] ASF Agreed Statement of Facts |
| [ ] CDM Dismissal Merits | [ ] PTM Pretrial Motion | [ ] DRP Original Divorce Petition |
| [ ] CTD New Trial Motion Denied | [ ] FCJ Juvenile | [ ] CUS Custody |
| [ ] CTG New Trial Motion Granted | [ ] PCR Grant Post Conviction | |

JUDGMENT FOR:
[ ] Plaintiff(s)
[X] Defendant(s)
[ ] Other

SENTENCES:
[X] Confinement [ ] Suspended
[ ] Special Program [ ] Probation
[ ] Fine/Restitution [ ] Deferred

BAIL/RELEASE STATUS
[ ] Personal Recognizance [ ] Surety Bond [ ] Held In Lieu Of Bail
[ ] Held Without Bail [ ] Cash Bond [X] Other NONE

5. TRANSCRIPT STATUS
[ ] Transcript Will Not Be Ordered
[X] Transcript Will Be Ordered
Estimated Cost $

Filing Fee Required: [ ] Yes [X] No Trial Court Receipt No.
Appeal Filing Fee for Each Appellant or Petitioner: $150.00
Court Reporter:

12-18-07 — DATE
FRED ERDMAN PRO-SE — FILING ATTORNEY (Print)
REG. NO.
SIGNATURE [signature]

DISTRIBUTION
WHITE-TRIAL COURT, YELLOW-OPPOSING ATTORNEY(S), PINK-SUPREME COURT

SE-10 (Rev. 12/03)

State of Rhode Island and Providence Plantations
SUPREME Court

FRED ERDMAN §

Date 12 / 18 /07

v.

DONALD CARCIERI
R.I. DEPT. OF CORRECTIONS
~~A.T. WALL & R.I. PAROLE~~
BOARD

Court File
Case # PM 2007-2343

SUPERIOR COURT
FILE MARK VOID
SUPERIOR COURT
FILED
HENRY S. KINCH
CLERK
DATE 12/21/07
07 DEC 21 PM 2:33

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes the defendant in the above entitled matter and moves this Honorable Court grant counsel to the defendant. In support of this motion the following is stated.

1). That I FRED ERDMAN, am being housed at the Rhode Island State Prison, Po Box 8274 Cranston R.I. 02920

2). In keeping with the Rhode Island Constitution Atr. 1,§ 1 [2],[10],[13]. As well as the rights governed under the United States Constitutional Amendments 5th. 6th. 14th.

3). And prays this Honorable Court, grant this motion that the Defendant is not a lawyer and has no formal knowledge of law and as such can not fully represent the issues to be brought before this Honorable Court for consideration, unless he is appointed counsel to represent him. And moves this Court grant all others which are fair and just.

Respectfully Submitted
Fred Erdman Pro Se

Po Box 8274 Cranston
R.I. 02920

### CERTIFICATION OF SERVICES

I the undersigned do certify and swear that a true copy of the enclosed document has been sent to the Office of the attorney General, 150 South Main Street, Providence R.I. Postage Paid and sent on the 18 day of Dec, 2007

Fred Erdman

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Superior Court
Providence/Bristol County
OFFICE OF THE CLERK
250 Benefit Street
Providence, R.I. 02903

DATE: 12/21/07

DEAR COUNSELOR:

THE ENCLOSED DOCUMENT(S) ARE BEING RETURNED FOR THE REASON(S) INDICATED BELOW:

| | |
|---|---|
| ______ | NO FILING FEE |
| ______ | NO COVER SHEET |
| ______ | NO FILE NUMBER |
| ______ | INCORRECT FILE NUMBER |
| ______ | INCORRECT COUNTY |
| ______ | INCORRECT COURT |
| ______ | DISPOSITIVE MOTION - WILL NOT BE PLACED ON CALENDAR WITHOUT SIGNED OMNIBUS CALENDAR FORM |
| ______ | NON-DISPOSITIVE MOTIONS ARE HEARD ONLY ON WEDNESDAYS AND THURSDAYS |
| ______ | FORMAL CALENDAR - NEEDS SIGNED OMNIBUS FORM |
| ✓ | OTHER application for post-conviction relief is denied & dismissed - See Decision |

PLEASE NOTE THAT THE DOCUMENT(S) ARE IN MOST INSTANCES NOT FILE MARKED. IF THEY WERE FILE MARKED PRIOR TO THE DISCOVERY OF THE ABOVE ERROR(S) THE FILE MARK HAS BEEN VOIDED. NOTE THAT ALL REMAIN UNDOCKETED.

THANK YOU FOR YOUR COOPERATION.

SINCERELY,

[signature]

CLERK

Dear Clerk,

February 4, 2006

I am writing to you regarding my Notice of Appeal Case #PM 2007-2343. I sent this notice to you on December 18 2007. You then proceeded to return it marked not filed stating the reason is that the case was denied and dismissed. This is precisely the reason for the Notice of Appeal which I sent to you. I would appreciate it if you would please file this notice and docket my appeal as this is what I have been told is the proper procedure for filing an appeal into the State Supreme Court from the Superior Court.

Sincerely,

Fred Erdman

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2007-2343 FRED ERDMAN V DONALD CARCIERI

Filing Date: 05-07-2007
Case Status: CLOSED DURING DISCOVERY

Case Type: POST CONVICTION RELIEF
Status Date: 12-10-2007

Plaintiff: FRED ERDMAN
ID: @10903987

Attorney: PRO SE

Defendant: GOVERNOR DONALD CARCIERI
ID: @10903988
Defendant: RHODE ISLAND DEPARTMENT OF CORRECT
ID: @10903989
Defendant: A WALL
ID: @10903990
Defendant: RHODE ISLAND PAROLE BOARD MEMBERS
ID: @10903991

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 06-07-2007 | STATUS CONFERENCE | P CRT6 | LANPHEAR |
| 06-26-2007 | POST CONVICTION RELIEF | P CRT6 | LANPHEAR |
| 06-26-2007 | STATUS CONFERENCE | P CRT6 | LANPHEAR |
| 08-01-2007 | POST CONVICTION RELIEF | P CRT6 | LANPHEAR |
| 12-28-2007 | STATUS CONFERENCE | P CRT9 | LANPHEAR |

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 05-22-2007 | POST CONVICTION RELIEF<br>PENDING FURTHER INVESTIGATION | P CRT6 | LANPHEAR |
| 06-07-2007 | DETERMINATION OF ATTORNEY<br>DEFENSE NOT READY | P CRT6 | LANPHEAR |
| 06-07-2007 | POST CONVICTION RELIEF<br>DEFENSE NOT READY | P CRT6 | LANPHEAR |
| 08-01-2007 | STATUS CONFERENCE<br>PENDING FURTHER INVESTIGATION 8-2-07 STC & PCR - PFI | P CRT6 | LANPHEAR |
| 09-12-2007 | POST CONVICTION RELIEF<br>PENDING FURTHER INVESTIGATION | K4C | LANPHEAR |
| 09-12-2007 | STATUS CONFERENCE<br>PENDING FURTHER INVESTIGATION | K4C | LANPHEAR |
| 09-26-2007 | POST CONVICTION RELIEF<br>DEFENSE ATTY UNAVAILABLE | K4C | LANPHEAR |
| 10-10-2007 | POST CONVICTION RELIEF<br>CONTINUED FOR FURTHER HEARING | K4C | LANPHEAR |
| 10-10-2007 | STATUS CONFERENCE<br>COMPLETED | K4C | LANPHEAR |
| 11-30-2007 | MOTION<br>CASE TAKEN UNDER ADVISEMENT | K4C | LANPHEAR |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2007-2343 FRED ERDMAN V DONALD CARCIERI

## Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|
| 09-12-2007 | | KENT COUNTY SUPERIOR COURT | |
| Reason: | CASE TRANSFER TO JUDGE | | |

## Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 05-07-2007 | COMPLAINT FILED | |
| 05-08-2007 | OTHER DOCUMENT | THIS CASE AND P1-97-3636A & P1-98-823A SENT TO LANPHEAR J., FOR SCHEDULING THE PETITION FOR POST CONVICTION RELIEF |
| 05-15-2007 | DOCUMENT(S) FILED | LANPHEAR,JSCHEDULE PCR ON 05-22-07 BEFORE JUDGE LANPHEAR |
| 05-22-2007 | PENDING FURTHER INVESTIGATION | |
| 05-24-2007 | COURT APPT ATTY LTR SENT | Affiliated: WILEY, ALTON WILLIAM |
| 05-25-2007 | COURT APPT ATTY LTR SENT | Docket entry for the letter produced from CDAEVNT on 25-MAY-2007 by PLEVESQUE. |
| 06-05-2007 | MOTION | STATE'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF. |
| 06-05-2007 | ANSWER FILED | Affiliated: RHODE ISLAND DEPARTMENT OF CORRECTIONS |
| 06-07-2007 | DEFENSE NOT READY | |
| 06-07-2007 | DEFENSE NOT READY | |
| 07-25-2007 | ENTRY OF APPEARANCE | ALTON W. WILEY JR. ENTERS<br>Affiliated: ERDMAN, FRED |
| 08-01-2007 | PENDING FURTHER INVESTIGATION | 8-2-07 STC & PCR - PFI |
| 09-12-2007 | CASE TRANSFERRED KENT CTY | |
| 09-12-2007 | PENDING FURTHER INVESTIGATION | |
| 09-12-2007 | PENDING FURTHER INVESTIGATION | |
| 09-14-2007 | MOTION TO WITHDRAW | Affiliated: WILEY, ALTON WILLIAM |
| 09-14-2007 | MEMORANDUM FILED | Affiliated: WILEY, ALTON WILLIAM |
| 09-17-2007 | CASE REC'D FROM PROVIDENCE CTY | |
| 09-26-2007 | DEFENSE ATTY UNAVAILABLE | |
| 10-10-2007 | RESPONSE | TO MOTION TO WITHDRAW<br>Affiliated: ERDMAN, FRED |
| 10-10-2007 | HEARD | BEFORE JUDGE LANPHEAR. DEFENSE COUNSEL'S MOTION TO WITHDRAW IS GRANTED. DEFT SHALL BE PRO SE UP TO 11/9 FOR BRIEFS/MEMOS. STATE SHALL RESPOND BY 11/20. MOTION TO BE SCHEDULED ON 11/30/07. PLTF REMANDED TO ACI. |
| 10-10-2007 | CONTINUED FOR FURTHER HEARING | |
| 10-10-2007 | COMPLETED | |
| 10-10-2007 | MOTION TO WITHDRAW | Affiliated: WILEY, ALTON WILLIAM |
| 10-10-2007 | GRANTED | |
| 11-01-2007 | ORDER, MOT TO WTHDRW APPEAR | GRANTED – LANPHEAR, J. |
| 11-15-2007 | BRIEF FILED | Affiliated: ERDMAN, FRED |
| 11-19-2007 | MOTION | Affiliated: RHODE ISLAND DEPARTMENT OF CORRECTIONS |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2007-2343 FRED ERDMAN V DONALD CARCIERI

| | | |
|---|---|---|
| 11-30-2007 | RESPONSE | TO COURT APPOINTED COUNSEL'S MOTION TO WITHDRAW<br>Affiliated: ERDMAN, FRED |
| 11-30-2007 | CASE TAKEN UNDER ADVISEMENT | |
| 12-04-2007 | CASE TRANSFERRED PROV CTY | |
| 12-10-2007 | CASE REC'D FROM KENT CTY | |
| 12-10-2007 | JUDICIAL DECISION FILED | LANPHEAR, J., APPLICATION FOR POST CONVICTION RELIEF IS DENIED AND DISMISSED |
| 12-10-2007 | ORDER ENTERED DURING DISCOV | |

HERE IS THE DECISION!
NO APPEAL!
(DATED 2/11/08)

Dear Mr. Justice,

February 20, 2008

I am writing to you in regard to my case PM 2007-2343 and the problem which I have encountered attempting to file my Notice of Appeal. On December 18, 2007 I filed with the Providence Superior Court the enclosed Notice of Appeal and Clerk Kinch returned it back to me thus denying the filing. I then sent it back along with a letter, enclosed, stating that I had previously filed this notice and again my packet was returned to me, enclosed, stating "no appeal". I would respectfully request if you could please clarifying whether of not I am entitled to an appeal in the State Supreme Court or if I must seek my remedy at the Federal Level. Thank you for your time and I anxiously await your response

Respectfully,

Fred Erdman
Po Box 8274
Cranston, R.I.

CC: Chief Rogers
Chief Williams