UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FRED ERDMAN

v.  C.A. No. 08-320ML

A.T. WALL ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Petitioner Fred Erdman, *pro se*, is currently imprisoned at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, in the custody of the Rhode Island Department of Corrections. On or about August 27, 2008, petitioner filed a petition (the "Petition") with the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking release from confinement (Docket #1). The State of Rhode Island filed a Motion to Dismiss the Petition ("Motion to Dismiss") (Docket #3). Petitioner has not opposed the Motion to Dismiss. The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that the State's motion be granted and the Petition be dismissed. I have determined that a hearing is not necessary.

BACKGROUND

On August 18, 1998, petitioner entered *nolo contendere* pleas to ten counts of first degree sexual assault in Rhode Island Superior Court ("Superior Court"). Subsequently, the Superior Court sentenced him to concurrent sentences of forty years at the ACI, with twenty-five years to serve and fifteen years suspended with probation.

Petitioner filed an application for post-conviction relief (the "PCR Application") on or about May 20, 2007 in the Superior Court alleging that his incarceration violated the Rhode Island parole statute relating to prisoners serving more than one sentence, R.I.

1

Gen. Laws § 13-8-10(a). The statute states:

> If a prisoner is confined upon more than one sentence, a parole permit *may* issue whenever he or she has served a term equal to one-third (1/3) of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to serve two (2) or more terms concurrently, in which case the permit *shall* be issued when he or she has served a time equal to one-third (1/3) of the maximum term he or she is required to serve.

R.I. Gen Laws § 13-8-10(a)(emphasis added). He argued that, since he was serving more than two terms concurrently, the mandatory language of the statute required the parole board to grant him parole once he completed one-third of the maximum term of his sentence, which he had already done. In a decision dated December 10, 2007, the Superior Court denied petitioner's PCR Application. *Erdman v. Carcieri*, No. PM/07-2343, 2007 WL 4471141 (R.I.Super. Dec 10, 2007). The Superior Court relied on the Rhode Island Supreme Court's decision in *DeCiantis v. State*, 666 A.2d 410, 413 (R.I. 1995), holding that the statute in question, read in conjunction with the entire parole statutory scheme, did not require the parole board to grant prisoners serving concurrent sentences parole at a specific time. *Id.*

On December 18, 2007, after the Superior Court decision denying his PCR Application, but prior to the entry of judgment on the decision, the petitioner attempted to appeal the decision to the Rhode Island Supreme Court. However, the Superior Court Clerk's Office refused to accept and/or docket his notice of appeal. On or about August 27, 2008, petitioner filed the Petition in this Court alleging that the state court erred in denying his PCR Application and that he was being held in custody illegally. On September 18, 2008, the Rhode Island Supreme Court appointed an attorney to assist petitioner in obtaining review of the Superior Court decision. *See* Motion to Dismiss, Ex.

2

#6. Shortly thereafter, on September 24, 2008, the Superior Court entered Judgment on the denial of petitioner's PCR Application. *See* Motion to Dismiss, Ex. #5.

## DISCUSSION

As petitioner's basis for habeas corpus relief, he claims that the state court decision denying his PCR Application was in error and that (i) he is incarcerated in violation of R.I. Gen. Laws § 13-8-10(a) and (ii) since R.I. Gen. Laws § 13-8-10(a) created a liberty interest in his right to parole, his continued incarceration violates his constitutional rights under the due process clause of the Fourteenth Amendment. Respondents urge that the Petition be dismissed because petitioner did not exhaust all of his state court remedies and/or the claim fails on the merits.

### I.     Failure to Exhaust State Court Remedies

The issuance of a writ of habeas corpus is governed by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a district court may not entertain a petition for the issuance of a writ of habeas corpus unless the petitioner has exhausted all of his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

Here, petitioner concedes that he did not exhaust his state court remedies in this case because he failed to appeal the Superior Court decision to the Rhode Island Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999) (petitioner exhausts state court remedies by fairly presenting claims to the highest state court with jurisdiction to consider claims). Petitioner contends that this failure to exhaust should be excused because his attempts to appeal the decision were rejected by the Superior Court. Petitioner's assertion, however, is not persuasive.

The Rhode Island Supreme Court Rules state that an appeal of a civil decision shall be filed within twenty days of the entry of the judgment, order, or decree appealed

3

from. R.I. Sup.Ct.Rules, Art. I, Rule 4(a). Therefore, as petitioner filed the Petition in this Court prior to the entry of judgment on the Superior Court decision denying his PCR Application, he still had time to appeal the Superior Court decision to the Rhode Island Supreme Court when he filed the instant Petition. Further, the Rhode Island Supreme Court apparently appointed an attorney to assist petitioner in obtaining review of the Superior Court decision. *See* Motion to Dismiss, Ex. #6. In addition, it does not appear that petitioner raised the issue of a violation of his constitutional due process rights in his PCR Application before the Superior Court. *See Erdman*, 2007 WL 4471141.

Accordingly, I find that the petitioner's failure to exhaust state court remedies prior to filing the Petition in this Court supports a recommendation that the State's Motion to Dismiss the Petition be granted.

## II.     Failure to State A Claim on the Merits

Notwithstanding petitioner's failure to exhaust his state court remedies, this Court may still consider the merits of his claim. *See* 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State."); *see also Brown v. Wall*, No. C.A. 07-330, 2008 WL 519982, at * 4 (D.R.I. Feb. 5, 2008)(citing cases indicating that a federal court may deny an unexhausted habeas corpus claim on the merits where it is "perfectly clear" that the applicant fails to raise a colorable federal claim). Here, for the reasons stated below, it is perfectly clear that petitioner fails to present a colorable federal claim.

### A.     Standard of Review

To qualify for habeas corpus relief under 28 U.S.C. § 2254(d)(1), a petitioner must claim that the alleged errors violated the Constitution, laws, or treaties of the United

4

States. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991). Further, a petitioner must demonstrate that the state court decision at issue was contrary to, or involved an unreasonable application of, federal law. 28 U.S.C. § 2254(d)(1); *see also Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850 (2002)(discussing "contrary to" federal law); *Schriro v. Landrigan*, 500 U.S. 465, 473, 127 S.Ct. 1933, 1939 (2007)(discussing "unreasonable application" of federal law). Additionally, the federal habeas court must defer to state court decisions regarding applicable state laws. *See Mello v. DiPaulo*, 295 F.3d 137, 151 (1st Cir. 2002).

**B.   Violation of Parole Statute**

Petitioner first alleges that his continued incarceration violates the state parole statute, R.I. Gen. Laws § 13-8-10(a). However, a violation of a state law, rather than a violation of the Constitution or a federal law or treaty, does not present a claim for which federal habeas corpus relief is available. *Estelle*, 502 U.S. at 67; *Kater v. Maloney*, 459 F.3d 56, 61 (1st Cir. 2006). Accordingly, petitioner's claim that the Superior Court decision denying his PCR Application violated the Rhode Island parole statute fails to present a colorable basis for habeas corpus relief.

**C.   Violation of Due Process**

Petitioner's claim that the denial of his parole violates the due process clause also lacks merit. Due process protections apply when there is a protected liberty or property interest. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2103 (1979). However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* at 7, 99 S.Ct. at 2104. Although a state may create a liberty interest in parole if it enacts provisions governing parole that give a prisoner the reasonable expectation that he

5

will be released if criteria are met, *see Board of Pardons v. Allen*, 482 U.S. 369, 376, 107 S.Ct. 2415, 2419 (1987), whether the state has created a liberty interest is decided on a case by case basis, *see Greenholtz*, 442 U.S. at 12, 99 S. Ct. at 2106.

Here, petitioner does not have a liberty interest in parole because the statute in question, as interpreted by the Rhode Island Supreme Court, does not create the expectancy of mandatory release. *See DeCiantis*, 666 A.2d at 413 (rejecting reasoning that the use of the word "shall" in R.I. Gen. Laws § 13-8-10(a) requires the parole board to grant parole when a prisoner who is serving two or more concurrent sentences serves one-third of the maximum time he is required to serve). This Court must defer to the Rhode Island Supreme Court's interpretation of the Rhode Island parole statute in ruling on an application for writ of habeas corpus. *See Mello*, 295 F.3d at 151. As petitioner has no liberty interest in parole, his claim that the Superior Court's denial of his PCR Application was contrary to or an unreasonable application of federal law and that his continued incarceration violates the Due Process Clause of the Fourteenth Amendment is not colorable. *See Brown v. Wall*, No. C.A. 07-330, 2008 WL 519982, at *6 (D.R.I. Feb. 25, 2008)(adopting Magistrate Judge Martin's Report and Recommendation recommending dismissal of prisoner's petition for writ of habeas corpus on claim, identical to claim asserted in instant case, that petitioner's failure to receive parole pursuant to R.I. Gen. Laws § 13-8-10(a) despite having served more than one-third of the maximum time to serve under his concurrent sentences violated his due process rights, on the basis that R.I. Gen. Laws § 13-8-10(a) did not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment).[1]

---

[1] The First Circuit effectively affirmed the reasoning in *Brown* by affirming the denial of petitioner's request for a certificate of appealability from this Court's dismissal of his petition for writ of habeas corpus based on "the reasons given by the magistrate judge in his report and recommendation, dated February 5, 2008." *Brown v. Wall*, No. 08-1341, slip op. at 1 (1st Cir. Aug. 5, 2008).

CONCLUSION

## CONCLUSION

As petitioner failed to exhaust his state court remedies and failed to state a colorable federal habeas corpus claim, I recommend that the State's Motion to Dismiss the Petition be GRANTED, and the Petition be DENIED and DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
_____
Jacob Hagopian
Senior United States Magistrate Judge
April 28, 2009